UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GANAS, LLC,<br><br>      Plaintiff,<br>  v.<br><br>(1) SAP AMERICA, INC.;<br>(2) SAS INSTITUTE INC.;<br>(3) SCOTTRADE, INC.;<br>(4) TD AMERITRADE, INC.;<br>(5) THE CHARLES SCHWAB CORPORATION;<br>(6) XEROX CORPORATION;<br>(7) ADOBE SYSTEMS INCORPORATED;<br>(8) AOL INC.;<br>(9) DISH DBS CORPORATION;<br>(10) E*TRADE SECURITIES LLC;<br>(11) FIDELITY BROKERAGE SERVICES LLC;<br>(12) HEWLETT-PACKARD COMPANY;<br>(13) INTERNATIONAL BUSINESS MACHINES<br>      CORPORATION; and<br>(14) JPMORGAN CHASE & CO.,<br><br>      Defendants. | Case No. 2:10-cv-320-DF<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS FOR IMPROPER JOINDER OR ALTERNATIVELY TO SEVER

**I.   INTRODUCTION**

Ganas currently accuses 13[1] separate defendants of infringing numerous claims of four patents: U.S. Patent No. 7,007,094; U.S. Patent No. 7,136,913; U.S. Patent No. 7,734,756; and U.S. Patent No. 7,325,053.  Under Federal Rules of Civil Procedure 20 and 21, joinder of Defendant Hewlett-Packard Company (HP) with other unrelated parties and products accused of infringement in this case is improper. HP should be dismissed from this case under Rule 21, among other reasons discussed below.  Alternatively, as the Court has recognized in similar

---

[1] Ganas's original complaint listed twenty-three separate defendants, nine of which have been dismissed.

situations, it is not efficient or practical to try a case with so many unrelated defendants, each of which likewise has numerous unrelated accused products in suit. Forcing so many defendants with so many disparate products and business models into one case to share all case preparation time and resources is manifestly unfair, improper under the Rules, and a denial of due process. Pre-trial coordination is permissible and practical, such as combined claim construction or other hearings, or some coordinated depositions of common witnesses; but cannot trump each defendant's right to defend itself. One lawsuit with so many defendants drowns out and obscures each defendant's right to develop and present its case; and violates Rules 20, 21 and 42, as well as any notion of due process under the Fifth Amendment.

Accordingly, HP moves that HP be dismissed from this case, or alternatively that HP be severed into a separate lawsuit, under Rules 20 (misjoinder), 21 (severance, including for misjoinder), 42(b) (separate trials), the Fifth Amendment's due process clause, and the Court's inherent power to manage its docket.

## ARGUMENT

### A. Ganas' Allegations Do Not Meet Rule 20's Joinder Test

Ganas makes no connection between the allegations as to any one product or process or defendant, with those of any other product, process or act of another defendant. Compare, for example, allegations against HP, and the list of HP products in paragraph 55 of the First Amended Complaint, to allegations against AOL in paragraph 50 and the list of AOL products; as well as, by way of further example, allegations against E*Trade in paragraph 53 and Schwab in paragraph 44. First Amended Complaint (Dkt # 260, April 25, 2011).[2]

---

[2] Ganas makes the same pattern of allegations against HP and other defendants for the other three patents-in-suit. *Compare* allegations for the '053 patent in ¶ 73 (HP) with, e.g., ¶ 69 (Apple); allegations for the '756 patent in ¶ 91 (HP) with, e.g., ¶ 87 (Apple); and allegations for the '094 patent in ¶ 109 (HP) with, e.g., ¶ 105 (Apple);

2

More specifically, Ganas only accuses HP of direct infringement (by using, selling, and offering to sell HP's accused products) and indirect infringement (by HP's customers' use of HP's accused products). Ganas does not allege joint and/or contributory infringement by HP in conjunction with any other named defendant or its accused products. *See, e.g.*, First Amended Complaint ¶ 55.

Fed. R. Civ. P. 20(a)(2) allows for joinder of two or more defendants in one lawsuit if two conditions are both satisfied:

> (a) Persons Who May Join or Be Joined.
>
> <u>(2) Defendants.</u>
>
> Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of <u>the same transaction, occurrence, or series of transactions or occurrences</u>; *<u>and</u>*
>
> (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).

Under Fed. R. Civ. P. 20, joinder of multiple defendants in one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all defendants will arise in the action." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (emphasis added). Again, there is no joint or several liability alleged, and all allegations are based on unrelated products. In intellectual property cases, "[t]he overwhelming authority…indicates that allegations against multiple and unrelated defendants for independent acts of patent, copyright, and/or trademark infringement do not set

forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a)." *Colt Defense LLC v. Heckler & Koch Defense, Inc.*, 2004 U.S. Dist. LEXIS 28690, *13 (E.D. Va. Oct. 22, 2004); see also *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("allegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a).").

Moreover, there would be no *res judicata* impact if each paragraph cited above, were in a separate suit.  Each patent represents a separate cause of action under patent law.  "By statutory and common law, each patent establishes an independent and distinct property right." *Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996).  One district court found a continuation patent represented a separate cause of action from its parent patent. *Furminator, Inc.. v. Kim Laube & Co., Inc.*, Case No. 4:08CV00367 ERW (E.D. Mo. December 15, 2010) (Suit on a continuation patent was not barred by *res judicata* even though suit on the earlier patents in the chain of continuity were barred.).  These cases show that even infringement of one of the four patents is not the same cause of action as infringement of the other three, regardless of their relationship to each other in prosecution, assignee or inventorship.

Likewise, *res judicata* only applies to <u>the specific products or acts</u> accused of infringement in a suit: It does not apply to an accused infringer's later products or acts accused of infringement that are materially different from the product or act in the prior case. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319 (Fed. Cir. 2008).  Moreover, the very same defenses to the same patent by the same accused infringer in a later case on a new or different product are not barred by the prior lawsuit.  For example, invalidity will not be barred in a later suit on the

same patent if the new product or act accused is <u>materially different</u> from the product in the prior lawsuit — even if infringer in the prior judgment stipulated to validity and enforceability of the same patent in a consent judgment. *Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362 (Fed. Cir. 2002); *Foster v. Hallco Manufacturing Co.*, 947 F.2d 469 (Fed. Cir. 1991).

The generally accepted principle of *res judicata* is that all causes of action that arise out of a common transaction or occurrence, or series of common transactions or occurrences, must be joined in a single lawsuit; otherwise, all causes of action will be merged into the final judgment and barred from being raised in a new lawsuit. Rule 20's test for joinder of defendants in one lawsuit echoes the standard for *res judicata*, and is designed, among other things, to allow a plaintiff to bring the causes of action together to avoid a later merger and bar by final judgment.

Regardless of any common question of law or fact arising from the validity, enforceability or construction of the patents in suit, the requirement that the "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of <u>the same transaction, occurrence, or series of transactions or occurrences</u>," cannot be met solely on the basis of the patents asserted where there are no common allegations against the Defendants that they acted together or were in one or more transactions or occurrences together. Here, there is no such allegation.

    B.    **Case Law Establishes That Unconnected Transactions Are Not Related.**

As shown above, the Federal Rules allow defendants to be joined in one action, but only if there exists a common question of law and fact ***and*** "if any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Here, the second requirement is not satisfied. *Reid v. General Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007) ("'Allegations of

infringement against two unrelated parties based on different acts do not arise from the same transaction.'") (quoting *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) and *New Jersey Machine, Inc. v. Alford Indus. Inc.*, 1991 WL 340196 at *1 (D.N.J. Oct. 7, 1991), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder . . . .")). Repeatedly, district courts have found it improper to join unrelated defendants and products in a single suit based only on a common patent. *See, e.g., Tse v. eBay, Inc.,* No. C 11-01812 WHA (N.D. Cal. June 2, 2011); *WiAV Networks v. 3Com Corp.*, 2010 WL 3895047 at *4 (N.D. Cal. Oct. 1, 2010); *see also Interval Licensing LLC v. AOL, Inc.*, 2011 WL 1655713 (W.D. Wash. Apr. 29, 2011); *Therma-Pure, Inc. v. Temp-Air, Inc.*, 2010 WL 5419090 (N.D. Ill. Dec. 22, 2010); *Sorenson v. DMS Holdings, Inc.*, 2010 WL 4909615 (S.D. Cal. Nov. 24, 2010). Where defendants are improperly joined, under Rule 21, dismissal of the action is not proper, but dismissal of the improperly joined defendant is an appropriate remedy. *See, e.g., Tse v. eBay, Inc.,* No. C 11-01812 WHA (N.D. Cal. June 2, 2011).

### C. Even If Dismissal Is Not Granted, Separate, Albeit Coordinated Cases and Trials, Should Be Ordered Here

Even if joinder were proper under Rule 20; however, "the court may at any time . . . add or drop a party. . . . [or] sever any claim against a party" under Rule 21. Fed. R. Civ. P. 21; *see also, e.g., Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) ("The trial court has broad discretion to sever issues to be tried before it."). Severance under Rule 21 makes sense here to allow each defendant to develop its case without the confusion and cost that result from a large joint defense required to share all discovery tools in concert.

Moreover, Rule 42(b) provides a further basis where, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more

separate issues[ or] claims." Fed. R. Civ. P. 42(b).  The power to order separate trials under Rule 42 is left to the district court, as part of its wide discretion in trial management.  *See, e.g., Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773-74, (5th Cir. 2009); *Shum v. Intel Corp.*, 499 F.3d 1272, 1282 (Fed. Cir. 2007).  For example, "[s]eparate trials are proper where the issues are clearly separable and can be tried separately without confusing the jury" and "where the controversy involves more than one cause of action or defense, and a separate trial might render trial of the other issues unnecessary."  *See, e.g., Ericsson, Inc. v. Samsung Elecs. Co.*, 2007 WL 1202728, *2 (E.D. Tex. Apr. 20, 2007).

Here, each Defendant will have separate infringement issues because the case is not about a standardized technology and there is not allegation of joint infringement between the parties.  The same is true of damages in the form of a reasonable royalty: Which requires consideration of apportionment of the patented invention to the value of the accused product, licenses the defendant has entered into on similar technology in similar form, and profitability of the product, among other facts.[3]  Damages in a patent case are highly individualized, for example, one defendant may argue one form of royalty and another might not agree and argue a different form.  Requiring the defendants to be joined together is fundamentally unfair.

HP acknowledges that the Court has approached the misjoinder/severance analysis differently in different cases.  *Compare, e.g., MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004) (refusing to adopt *per se* rule that alleged infringement by different defendants fails to satisfy Rule 20's same transaction requirement, and declining to sever and transfer), *with Reid*, 240 F.R.D. at 263 (ordering severance under Rule 21 due to misjoinder under Rule 20).  But here, the facts are closer to *Reid*, where the parties were not related, than to *MyMail* where the parties were related.

---

[3] *Lucent Techs.v. Gateway, Inc.,* 580 F.3d 1301 (Fed. Cir. 2009).

Finally, due process under the Fifth Amendment requires that each defendant be given a fair opportunity to develop its case and to present it at trial. This is impossible when the constraints of a single lawsuit or trial require that defenses be reduced to their "lowest common denominator" so they can be developed in shared discovery; and later presented, and understood in one trial with multiple products and accused infringers. Where complex patents, complex products, and damages based on apportionment (among other things), are in issue, due process concerns are very real given the finite amount of discovery that can be done in one case and the finite amount of information any Judge or Juror can absorb in one lawsuit. This is not to say coordination is impossible, but coordination is different from joinder of all parties and products in a single lawsuit that crowds out any room for details of a defendant's position.

## II. CONCLUSION

For the foregoing reasons, HP moves the Court to dismiss it from the case pursuant to Rules 20, 21, the Court's inherent powers and the Fifth Amendment. Alternatively, HP asks that the case against it be severed from the parties for all purposes, including trial, under Rules 21, 42, the Court's inherent powers, and the Fifth Amendment.

Dated:  August 16, 2011

Respectfully submitted,

　*/s/ David J. Healey*
David J. Healey, Texas Bar No. 09327980
　healey@fr.com
Benjamin C. Elacqua, Texas Bar No. 24055443
　elacqua@fr.com
Brian G. Strand, Texas Bar No.  24065878
　strand@fr.com
FISH & RICHARDSON, PC
One Houston Center
1221 McKinney Street, Suite 2800
Houston, TX 77010
Phone:  (713) 654-5300
Fax:  (713) 652-0109

*ATTORNEYS FOR DEFENDANT*
*HEWLETT-PACKARD COMPANY*

## CERTIFICATE OF SERVICE

　　This is to certify that counsel of record who are deemed to have consented to electronic service are being served on this 16th day of August, 2011 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

　　　*/s/ Stacci H. Mahadeo*
　　　Stacci H. Mahadeo